FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

2009 OCT -3  PM 1:55

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Cause No. 2:08 CR 214 |
| v. | ) |
| | ) 21 U.S.C. § 841(a)(1) |
| DWAYNE T. CRAWFORD, a/k/a "Reese," | ) 21 U.S.C. § 843(b) |
| a/k/a "Tyrice," a/k/a "Dred," | ) 21 U.S.C. § 846 |
| MALCOLM MANUEL, a/k/a "Money Mike," | ) 21 U.S.C. § 853 |
| a/k/a "M," | ) 18 U.S.C. § 2 |
| CHRISTOPHER BYNUM, a/k/a "Main," | ) 18 U.S.C. § 922(g)(1) |
| ELLIS BRYANT, | ) 18 U.S.C. § 924(2)(2) |
| ALANDEN O. JOHNSON, a/k/a "Pee Wee," | ) 18 U.S.C. § 924(c) |
| JOSE A. QUIROZ, a/k/a "Chu, | ) 18 U.S.C. § 1956(a)(1)(B)(i) |
| STEVEN BIGGS, | ) 18 U.S.C. § 1956(h) |
| RIGOBERTO BANUELOS, | ) 18 U.S.C. § 1957 |
| MARCELL SEAWOOD, | ) 8 U.S.C. § 1326(a) |
| ZATIA SAIN, a/k/a "Tia," | ) |
| PEDRO RONDAN, and | ) |
| SAMUEL CARRANZA, | ) |
| a/k/a "Johnny Gomez." | ) |
| SANDRA MCGUIRE | ) |
| LASHON SAIN | ) |
| BEVERLY BURKS | ) |

## SECOND SUPERSEDING INDICTMENT

## THE GRAND JURY CHARGES:

### COUNT 1

From at least January 2006, the exact date being unknown to the Grand Jury, and

continuing to at least December 11, 2008, both dates being approximate and inclusive, in

the Northern District of Indiana and elsewhere,

**DWAYNE T. CRAWFORD, a/k/a "Reese," a/k/a "Tyrice," a/k/a "Dred,"**
**MALCOLM MANUEL, a/k/a "Money Mike," a/k/a "M,"**
**CHRISTOPHER BYNUM, a/k/a "Main,"**
**ELLIS BRYANT,**
**ALANDEN O. JOHNSON, a/k/a "Pee Wee,"**
**JOSE QUIROZ, a/k/a "Chu,"**
**STEVEN BIGGS,**
**RIGOBERTO BANUELOS,**
**MARCELL SEAWOOD**
**ZATIA SAIN, a/k/a "Tia,"**
**PEDRO RONDAN**
**SAMUEL CARRANZA,  a/k/a "Johnny Gomez,"**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and

agree together with each other, and with other persons known and unknown to the Grand

Jury, to commit certain offenses against the United States, to wit: to knowingly and

intentionally possess with intent to distribute and distribute 100 kilograms or more of a

mixture and substance containing detectable amounts of marijuana, a Schedule I

controlled substance; and to knowingly and intentionally possess with intent to distribute

and distribute 500 grams or more of a mixture and substance containing detectable

amounts of cocaine, a Schedule II controlled substance, in violation of Title 21, United

States Code, Section 841(a)(1);

　　　All in violation of Title 21, United States Code, Section 846.

2

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2

On or about April 25, 2008, in the Northern District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred,"**

defendant herein, knowingly and intentionally distributed a quantity of a mixture and

substance containing a detectable amount of marijuana, a schedule I controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

3

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 3

On or about May 9, 2008, in the Northern District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred,"**

defendant herein, knowingly and intentionally distributed a quantity of a mixture and

substance containing a detectable amount of marijuana, a schedule I controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

4

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 4

On or about May 30, 2008, in the Northern District of Indiana,

### DWAYNE T. CRAWFORD,
### a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred,"

defendant herein, knowingly and intentionally distributed a quantity of a mixture and

substance containing a detectable amount of marijuana, a schedule I controlled substance;

All in violation of Title  21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

COUNT 5

On or about July 1, 2008, in the Northern District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**MALCOLM MANUEL,**
**a/k/a "Money Mike," a/k/a "M,"**

defendants herein, knowingly and intentionally distributed a quantity of a mixture and

substance containing a detectable amount of marijuana, a schedule I controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

United States Code, Section 2.

6

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 6

On or about July 17, 2008, in the Northern District of Indiana,

### DWAYNE T. CRAWFORD,
### a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred,"

defendant herein, knowingly and intentionally distributed a quantity of a mixture and

substance containing a detectable amount of marijuana, a schedule I controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

7

**THE GRAND JURY FURTHER CHARGES:**

COUNT 7

On or about September 18, 2008, at approximately 10:12 p.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**CHRISTOPHER BYNUM, a/k/a "Main,"**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances as

charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section  843(b) and Title 18,

United States Code, Section 2.

8

**THE GRAND JURY FURTHER CHARGES:**

COUNT 8

On or about September 19, 2008, at approximately 11:29 a.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**ALANDEN JOHNSON, a/k/a "Pee Wee,"**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances as

charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section  843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 9

On or about September 19, 2008, at approximately 2:01 p.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**JOSE A. QUIROZ, a/k/a "Chu,"**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section  843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

COUNT 10

On or about September 19, 2008, at approximately 8:44 p.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**JOSE A. QUIROZ, a/k/a "Chu,"**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section 843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 11</u>

On or about September 20, 2008, at approximately 12:27 p.m., in the Northern District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**ELLIS BRYANT,**

defendants herein, knowingly and intentionally used and caused to be used a communications facility, namely a telephone, to facilitate a felony violation of Title 21, United States Code, Section 846, namely conspiracy to distribute controlled substances as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

12

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 12

On or about September 24, 2008, at approximately 3:06 p.m., in the Northern

District of Indiana,

### DWAYNE T. CRAWFORD,
### a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and

### JOSE A. QUIROZ, a/k/a "Chu,"

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section 843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

COUNT 13

On or about September 24, 2008, at approximately 3:12 p.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**JOSE A. QUIROZ, a/k/a "Chu,"**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section 843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 14</u>

On or about September 29, 2008, at approximately 7:49 p.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**CHRISTOPHER BYNUM, a/k/a "Main,"**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section  843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 15

On or about October 1, 2008, at approximately 6:05 p.m., in the Northern District of Indiana,

### DWAYNE T. CRAWFORD,
### a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and

### STEVEN BIGGS,

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section 843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 16</u>

On or about October 9, 2008, in the Northern District of Indiana,

**MALCOLM MANUEL,**
**a/k/a "Money Mike," a/k/a "M,"**

defendant herein, having been convicted on or about July 8, 2002, of delivery of more

than 5000 grams of cannabis, punishable by a term of imprisonment exceeding one (1)

year, in the Circuit Court of Cook County, Illinois, Case Number 2001CR2783301, did

knowingly possess in and affecting commerce a firearm, to wit: one Ruger, .357

Magnum, bearing serial number 33-35561;

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

17

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 17</u>

On or about November 4, 2008, in the Northern District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred,"**

defendant herein, having been convicted on or about February 25, 1999, of Bank

Robbery and Use of a Firearm in Furtherance of a Violent Felony, both crimes

punishable by terms of imprisonment exceeding one (1) year, in the United States

District Court, Northern District of Indiana, Case Number 2:98 CR 68, did knowingly

possess in and affecting commerce firearms, to wit: one F.N. Herstal 5.7 x 28 millimeter

semi-automatic pistol, bearing serial number 386152397;

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

18

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 18

On or about November 11, 2008, at approximately 10:19 a.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**RIGOBERTO BANUELOS,**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section  843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

COUNT 19

On or about November 11, 2008, at approximately 10:20 a.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese," a/k/a "Tyrice," a/k/a "Dred," and**

**MARCELL SEAWOOD,**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section  843(b) and Title 18,

United States Code, Section 2.

20

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 20</u>

On or about November 11, 2008, at approximately 11:47 a.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**RIGOBERTO BANUELOS,**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section  843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 21

On or about November 12, 2008, at approximately 2:14 p.m., in the Northern

District of Indiana,

### DWAYNE T. CRAWFORD,
### a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and

### ZATIA SAIN, a/k/a "Tia,"

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section  843(b) and Title 18,

United States Code, Section 2.

22

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 22

On or about November 12, 2008, at approximately 2:23 p.m., in the Northern District of Indiana,

### DWAYNE T. CRAWFORD,
### a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and

### ZATIA SAIN, a/k/a "Tia,"

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section 843(b) and Title 18,

United States Code, Section 2.

23

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 23</u>

On or about November 17, 2008, at approximately 5:35 p.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese," a/k/a "Tyrice," a/k/a "Dred," and**

**MARCELL SEAWOOD,**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section  843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

COUNT 24

On or about November 18, 2008, at approximately 4:52 p.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese," a/k/a "Tyrice," a/k/a "Dred," and**

**STEVEN BIGGS,**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section 843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

COUNT 25

On or about November 24, 2008, at approximately 5:45 p.m., in the Northern

District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**PEDRO RONDAN,**

defendants herein, knowingly and intentionally used and caused to be used a

communications facility, namely a telephone, to facilitate a felony violation of Title 21,

United States Code, Section 846, namely conspiracy to distribute controlled substances

as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section 843(b) and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

COUNT 26

On or about November 24, 2008, at approximately 7:27 p.m., in the Northern District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**PEDRO RONDAN,**

defendants herein, knowingly and intentionally used and caused to be used a communications facility, namely a telephone, to facilitate a felony violation of Title 21, United States Code, Section 846, namely conspiracy to distribute controlled substances as charged in Count 1 of the Indictment;

All in violation of Title 21, United States Code, Section  843(b) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

COUNT 27

On or about December 11, 2008, in the Northern District of Indiana, and elsewhere,

<strong>DWAYNE T. CRAWFORD,</strong><br>
a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred,"

defendant herein, did knowingly and intentionally attempt to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 28</u>

On or about December 11, 2008, in the Northern District of Indiana, and elsewhere,

**RIGOBERTO BANUELOS, and**

**SAMUEL CARRANZA, a/k/a "Johnny Gomez,"**

defendants herein, did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 29</u>

On or about December 11, 2008, in the Northern District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred,"**

defendant herein, having been convicted on or about February 25, 1999, of Bank

Robbery and Use of a Firearm in Furtherance of a Violent Felony, both crimes

punishable by terms of imprisonment exceeding one (1) year, in the United States

District Court, Northern District of Indiana, Case Number 2:98 CR 68, did knowingly

possess in and affecting commerce firearms, to wit: one Norinco 7.62 x 39 rifle, bearing

serial number 029861; and one F.N. Herstal 5.7 x 28 millimeter semi-automatic pistol,

bearing serial number 386152397;

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 30</u>

From on or about December 4, 2008, the exact date being unknown to the Grand Jury, to on or about December 11, 2008, both dates being approximate and inclusive, in the Northern District of Indiana,

### DWAYNE T. CRAWFORD,

### a/k/a "Reese," a/k/a "Tyrice," a/k/a "Dred,"

defendant herein, knowingly and intentionally possessed firearms, specifically, one F.N. Herstal 5.7 x 28 millimeter semi-automatic pistol, bearing serial number 386152397, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to knowingly and intentionally possess with intent to distribute 100 kilograms or more of a mixture and substance containing detectable amounts of marijuana, a Schedule I controlled substance; and to knowingly and intentionally possess with intent to distribute and distribute 500 grams or more of a mixture and substance containing detectable amounts of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

All in violation of Title 18, United States Code, Section 924(c).

31

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 31</u>

On or about December 11, 2008, in the Northern District of Indiana,

**SAMUEL CARRANZA, a/k/a "Johnny Gomez,"**

defendant herein, an alien, was found in the United States after having been deported

therefrom in or about 1974, and not having obtained the express consent of the Attorney

General of the United States or the Secretary of Homeland Security to reapply for

admission to the United States; in violation of Title 8, United States Code, Section

1326(a).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 32

### BACKGROUND

1.      The United State re-alleges counts 1 through 6 of this Indictment and incorporates by reference these paragraphs as if they were fully set forth herein.

2.      Between at least January 2006 and December 11, 2008, Dwayne T. Crawford, a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," engaged in the illegal distribution of cocaine and marijuana in the Northern District of Indiana and elsewhere.

3.      Neither the Indiana Workforce Development Office nor the Illinois Workforce Office show any wages for Dwayne T. Crawford reported by any employer.

4.      In or about August of 2008, Dwayne T. Crawford, a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," opened a hair salon in Merrillville, Indiana, but between August 2008 and December 11, 2008, the salon operated at a loss in that the expenses were greater than the income.

5.      Between at least January 2006 and December 11, 1008, Dwayne T. Crawford, a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," derived income from the sale of marijuana and cocaine.

## THE MONEY LAUNDERING CONSPIRACY

6.     From in or about January 2006, through on or about March 9, 2009, in the

Northern District of Indiana, and elsewhere,

### DWAYNE T. CRAWFORD,
### a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred,"
### SANDRA McGUIRE,
### LASHON SAIN, and
### BEVERLY BURKS

defendants herein, did knowingly combine, conspire, and agree with each other and with

other persons known and unknown to the Grand Jury to commit offenses against the

United States in violation of Title 18, United States Code, Section 1956 and Section

1957, to wit: to knowingly conduct and attempt to conduct a financial transaction

affecting interstate and foreign commerce, which transactions involved the proceeds of

specified unlawful activity, that is, conspiracy to distribute and distribution of marijuana

and cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1),

knowing that the transactions were designed in whole or in part to conceal and disguise

the nature, location, source, ownership, and control of the proceeds of specified unlawful

activity, and that while conducting and attempting to conduct such financial transactions,

knew that the property involved in the financial transactions represented the proceeds of

some form of unlawful activity, in violation of Title 18, United States Code, Section

1956(a)(1)(B)(i); and to knowingly engage and attempt to engage, in monetary

transactions by, through or to a financial institution, affecting interstate and foreign

commerce, in criminally derived property of a value greater than $10,000, that is transfer

34

of approximately $21,400 in United States currency for the purchase of one 2005

Chevrolet Avalanche vehicle, such property having been derived from a specified

unlawful activity, that is, conspiracy to distribute and distribution of marijuana and

cocaine, in violation of Title 18, United States Code, Section 1957.

## MANNER AND MEANS

7.     The manner and means used to accomplish the objectives of the conspiracy

included, among others, the following:

a.     It was part of the conspiracy that in an attempt to conceal the proceeds

from his drug trafficking operations, Dwayne T. Crawford, a/k/a "Reese,"a/k/a

"Tyrice," a/k/a "Dred," gave proceeds in the form of United States currency to

Sandra McGuire;

b.     It was part of the conspiracy that Sandra McGuire, knowing that the cash

from Dwayne T. Crawford consisted of proceeds from some form of unlawful

activity, agreed to deposit the cash into her bank account at First Midwest Bank,

account number ending in 1077, and to make payments for Dwayne T.

Crawford's living expenses by writing checks drawn on her checking account,

enabling Crawford to conceal the source of the money used to pay for his

expenses;

c.     It was part of the conspiracy that in the manner previously described,

Dwayne T. Crawford laundered drug money through Sandra McGuire's bank

account in the amount of approximately $35,152 in 2006, $43,861 in 2007 and

$72,166 in 2008;

d.      It was part of the conspiracy that Sandra McGuire used Dwayne T.

Crawford's drug proceeds deposited into her account between January 2006 and

December 11, 2008, to pay Dwayne T. Crawford's expenses including, but not

limited to, payments for rent to "Maple Leaf" totaling $4,650; loan payments for a

Infinity vehicle to "Great Lakes Credit Union" totaling $14,198; and loan

payments for a BMW vehicle to "Wachovia Dealer Services" totaling $5,278;

e.      It was also part of the conspiracy that Sandra McGuire made payments for

some of Dwayne T. Crawford's living expenses with money orders that she

purchased with cash given to her by Dwayne T. Crawford;

f.      It was part of the conspiracy that in March of 2008, Dwayne T. Crawford

traveled from the Northern District of Indiana to Navrat Custom Choppers in

Wichita, Kansas, and on or about March 11, 2008, purchased a motorcycle for

approximately $25,200 with drug proceeds, and in an effort to conceal the source

of the money, Crawford purchased the motorcycle in Sandra McGuire's name,

paid for the motorcycle at least in part with money orders purchased at 5124

Broadway Street, Merrillville, Indiana, with "Sandra McGuire" listed as the

remitter, and registered and titled the motorcycle in the name of Sandra McGuire,

using a bill of sale that showed a fraudulent purchase price of only $8,000, instead

of the actual price of $25,200;

g.      It was part of the conspiracy that in November of 2008, Dwayne T.

36

Crawford wished to purchase a truck, but since he did not want to purchase the truck in his name, on or about November 26, 2008, Lashon Sain agreed to contact Beverly Burks and ask her to do it;

h.       It was part of the conspiracy that on or about November 26, 2008, Dwayne T. Crawford told Lashon Sain that the truck he wanted Beverly Burks to put in her name was a black Chevrolet Avalanche with a price of $20,000 at H.M., an automobile dealer in Highland, Indiana;

i.       It was part of the conspiracy that on or about November 26, 2008, Beverly Burks agreed to travel to H.M., the automobile dealer in Highland, Indiana, and purchase the Chevrolet Avalanche for Dwayne T. Crawford;

j.       It was part of the conspiracy that Lashon Sain and Dwayne T. Crawford agreed that, although Dwayne T. Crawford had cash to pay for the Chevrolet Avalanche, it would be best if the money came directly from Beverly Burks' account, either by writing a check or by using a credit card, and that Dwayne T. Crawford could then reimburse Beverly Burks;

k.       It was part of the conspiracy that on or about November 26, 2008, after Beverly Burks attempted to obtain a cashier's check for $21,400, (the price of the Chevrolet Avalanche) but was unable to do so after 5:00 p.m. at her bank's drive-up window, Dwayne T. Crawford told Beverly Burks that he had the cash and would give it to her to make the purchase;

l.       It was part of the conspiracy that Lashon Sain and Beverly Burks traveled

37

to H.M., the automobile dealer in Highland, Indiana, where Burks with $21,400 in United States currency, purchased the Chevrolet Avalanche truck for Dwayne T. Crawford;

m.      It was part of the conspiracy that Dwayne T. Crawford paid Beverly Burks for putting her name on the sale documents for the Chevrolet Avalanche;

n.      It was part of the conspiracy that although Dwayne T. Crawford paid approximately $21,400 in cash for the Chevrolet Avalanche and had sole possession of the vehicle from the time it was purchased in Beverly Burks' name on or about November 26, 2008, until it was seized by the Federal Bureau of Investigation (FBI) on or about December 11, 2008, Beverly Burks told government agents that she purchased the vehicle with cash she inherited from her father, and on or about March 9, 2009, signed a document entitled "Claim of Ownership" to lodge a claim with the FBI, alleging that she is the owner of the Chevrolet Avalanche, vehicle identification number 3GNEK12Z95G272512.


All in violation of Title 18, United States Code, Section 1956(h).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNTS 33 - 48</u>

On or about the listed dates, in the Northern District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred," and**

**SANDRA McGUIRE,**

defendants herein, did knowingly conduct and attempt to conduct the following financial

transactions affecting interstate and foreign commerce, which involved the proceeds of

specified unlawful activity, that is conspiracy to distribute and distribution of marijuana

and cocaine, knowing that the transactions were designed in whole and in part to conceal

and disguise, the nature, location, source, ownership, and control of the proceeds of said

specified unlawful activity and that while conducting and attempting to conduct such

financial transactions, the defendants knew that the property involved in the financial

transactions, represented the proceeds of some form of unlawful activity.

| COUNT | AMOUNT | TRANSACTION |
|-------|--------|-------------|
| 33 | $2,250 | March 2, 2006, cash deposit to First Midwest Bank, account ending in 1077; |
| 34 | $2,400 | August 29, 2006, cash deposit to First Midwest Bank, account ending in 1077; |
| 35 | $2,714 | January 2, 2007, cash deposit to First Midwest Bank, account ending in 1077; |
| 36 | $2,335 | February 1, 2007, cash deposit to First Midwest Bank, account ending in 1077; |
| 37 | $2,700 | June 25, 2007, cash deposit to First Midwest Bank, account ending in 1077; |

| COUNT | AMOUNT | TRANSACTION |
|-------|--------|-------------|
| 38 | $2,600 | July 2, 2007, cash deposit to First Midwest Bank, account ending in 1077; |
| 39 | $2,200 | August 4, 2007, cash deposit to First Midwest Bank, account ending in 1077; |
| 40 | $2,400 | August 31, 2007, cash deposit to First Midwest Bank, account ending in 1077; |
| 41 | $2,900 | February 29, 2008, cash deposit to First Midwest Bank, account ending in 1077; |
| 42 | $3,300 | March 27, 2008, cash deposit to First Midwest Bank, account ending in 1077; |
| 43 | $2,800 | June 1, 2008, cash deposit to First Midwest Bank, account ending in 1077; |
| 44 | $3,000 | June 30, 2008, cash deposit to First Midwest Bank, account ending in 1077; |
| 45 | $2,900 | September 30, 2008, to Midwest Bank, Account ending in 1077; |
| 46 | $2,180 | October 31, 2008, cash deposit to First Midwest Bank, account ending in 1077; |
| 47 | $2,140 | October 31, 2008, cash deposit to First Midwest Bank, account ending in 1077; |
| 48 | $2,200 | December 1, 2008, cash deposit to First Midwest Bank, account ending in 1077; |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 49</u>

On or about November 26, 2008, in the Northern District of Indiana,

**DWAYNE T. CRAWFORD,**
**a/k/a "Reese,"a/k/a "Tyrice," a/k/a "Dred,"**

**LASHON SAIN, and**

**BEVERLY BURKS,**

defendants herein, did knowingly engage and attempt to engage in a monetary

transaction by through or to a financial institution, affecting interstate or foreign

commerce, in criminally derived property of a value greater than $10,000, that is transfer

of approximately $21,400 in United States currency for the purchase of one 2005

Chevrolet Avalanche vehicle, such property having been derived from a specified

unlawful activity, that is, conspiracy to distribute and distribution of marijuana and

cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

All in violation of Title 18, United States Codes, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of Counts 1 through 49 of the Second Superseding Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 924(d) and 982 and Title 21, United States Code, Section 853.

2.      Upon conviction of the firearm offense alleged in Counts 16, 17 and 29 of the Second Superseding Indictment, the defendants shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 924(d), any and all firearms involved in the commission of the offenses, including by not limited to:

    a.      One Norinco 7.62 x 39 rifle, bearing serial number 029861,

    b.      One F.N. Herstal 5.7 x 28 millimeter semi-automatic pistol, bearing serial number 386152397; and

    c.      One Ruger, .357 Magnum revolver, bearing serial number 33-35561.

3.      Upon conviction of one or more of the controlled substances offenses alleged in Counts 1 through 15 and Counts 18 through 28 of the Second Superseding Indictment, the defendants shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853 any and all property constituting, or derived from, any proceeds obtained directly or indirectly, as a result of such offenses; and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such offenses, including but not limited to:

    a.      MONEY JUDGMENT: A sum of money equal to $450,000 in United States currency, representing the amount of proceeds obtained as a result of the offense, charged in Count 1,

conspiracy to commit possession with intent to distribute and distribution of 100 kilograms or more of a mixture and substance containing detectable amounts of marijuana, a Schedule I controlled substance; and possession with intent to distribute and distribution of 500 grams or more of a mixture and substance containing detectable amounts of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

b.      REAL PROPERTY, including but not limited to: all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 200 W. 54th Avenue, Merrillville, Indiana, more particularly described as: Meadowland Estates, unit 2, Ross Township, parcel Number 451204228019000031 (old parcel number 36-15-0250-0011);

c.      PERSONAL PROPERTY, including but not limited to:

i.      Jewelry seized from 7060 Whitcomb Street, Merrillville, Indiana on or about December 11, 2008;

ii.     Seven (7) fur coats seized from 7060 Whitcomb Street, Merrillville, Indiana on or about December 11, 2008;

iii.    One 2005 Chevrolet Avalanche vehicle, seized from 7060 Whitcomb Street, Merrillville, Indiana on or about December 11, 2008;

iv.     One 2004 Chevrolet Corvette vehicle, seized from 200 West 54th Avenue, Merrillville, Indiana on or about October 9, 2008;

v.      One 2008 Infiniti vehicle, seized from 200 West 54th Avenue, Merrillville, Indiana on or about October 9, 2008;

43

vi.     One motorcycle, seized from 200 West 54th Avenue, Merrillville, Indiana on or about October 9, 2008;

vii.    One Honda Odyssey vehicle, seized from 20394 Bluestem Parkway, Lynwood, Illinois on or about December 11, 2008;

viii.   One Cadillac sedan, registered in Illinois to Pedro Rondan, VIN number 1G65D54Y12U214732; and

ix.     One Land Rover, Range Rover vehicle, VIN number SALME11484A156287.

d.      CASH AND NEGOTIABLE INSTRUMENTS constituting proceeds or property used to facilitate the offense or offenses, including but not limited to:

i.      $125,691 seized from 20394 Bluestem Parkway, Lynwood, Illinois on or about December 11, 2008;

ii.     Fifty-nine negotiable Money Orders, valued at approximately $68,000, seized from 20394 Bluestem Parkway, Lynwood, Illinois on or about December 11, 2008;

iii.    $70,000 seized from 17302 Lorenz Avenue, Lansing, Illinois, on or about December 11, 2008;

iv.     $5,330 seized from 7060 Whitcomb Street, Merrillville, Indiana on or about December 11, 2008;

e.      FIREARMS, including but not limited to:

i.      One Norinco 7.62 x 39 rifle, bearing serial number 029861, and

ii.     One F.N. Herstal 5.7 x 28 millimeter semi-automatic pistol, bearing serial number 386152397; seized from 7060 Whitcomb Street, Merrillville, Indiana on or about December 11, 2008;

44

iii.    One Bushmaster, XM-15-E2S firearm seized from 3561 Lincoln Street, Gary, Indiana

on or about December 11, 2008;

iv.    One Mossberg, model 500 firearm seized from 3561 Lincoln Street, Gary, Indiana on

or about December 11, 2008;

v.    One KBI, model FEG firearm seized from 20394 Bluestem Parkway, Lynwood,

Illinois on or about December 11, 2008;

vi.    One Ruger, .357 Magnum revolver, bearing serial number 33-35561, seized from 1379

California Street, Hobart, Indiana, on or about December 11, 2008;

4.    If any of the forfeitable property described in paragraph 3 above, as a result of any act

or omission of a defendant cannot be located upon the exercise of due diligence; has been

transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of

the Court; has been substantially diminished in value; or has been commingled with other property

which cannot be divided without difficulty; it is the intent of the United States of America, pursuant

to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said

defendant up to the value of the above-described forfeitable property.

5.    Upon conviction of one or more of the money laundering offenses alleged in Counts

32 though 49 of the Second Superseding Indictment, the defendants shall forfeit to the United States

the following property pursuant to Title 18, United States Code, Section 982, all right, title and

interest in any and all property involved in the offense, or conspiracy to commit such offense, for

which the defendant is convicted, and all property traceable to such property including, but not

limited to the following:

a.    BANK ACCOUNTS, including but not limited to:

45

i.      All United States currency funds or other monetary instruments credited to First

Midwest Bank, account number ending in 1077, in the name of Sandra McGuire;

b.      PERSONAL PROPERTY, including but not limited to:

i.      One 2005 Chevrolet Avalanche vehicle, seized from 7060 Whitcomb Street,

Merrillville, Indiana on or about December 11, 2008;

A TRUE BILL:

/s/ FOREPERSON
FOREPERSON

DAVID CAPP
UNITED STATES ATTORNEY

By:     /s/ JACQUELINE JACOBS
        Jacqueline L. Jacobs
        Assistant United States Attorney

46